UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MIGDALIA WEIST, | ) | Case No. 05-12451 |
|     Debtor. | ) | |
| | ) | Adversary Proceeding |
| 2168 BROOKPARK, INC., | ) | No. 05-1283 |
|     Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| MIGDALIA WEIST, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OF OPINION

On March 1, 2005, Migdalia Weist filed her Chapter 7 petition. On June 6, 2005, creditor 2168 Brookpark Inc. (Brookpark) brought an adversary complaint requesting avoidance of a fraudulent transfer, denial of discharge, and nondischargeability of a debt. On September 1, 2005, the Court entered a default judgment setting aside the transfer of Weist's residence as a fraudulent transfer and finding Weist's debt to Brookpark to be nondischargeable. The case is currently before the Court on Weist's motion to vacate the default judgment based on excusable neglect. For the reasons that follow, the motion is granted. Weist's motion for leave (Docket #15) to file her Answer (Docket #18) is also granted.

## PROCEDURAL HISTORY

On March 1, 2005, Weist filed her Chapter 7 petition. On June 6, 2005, Brookpark brought an adversary complaint alleging that (1) Weist was concealing a valuable diamond ring that she had falsely claimed as stolen and (2) she had transferred her residence to a friend so that she could avoid paying Brookpark's judgment lien on the property. The complaint asked the Court to set aside the transfer of Weist's residence as a fraudulent transfer, to deny her discharge, and to find that her debt to Brookpark is nondischargeable.

Service of the adversary complaint (Docket #5) was made by first class mail on June 13, 2005. Weist did not file a timely response to the complaint, and on July 14, 2005, Brookpark brought a motion for default judgment (Docket #6). The Court construed Brookpark's motion for default judgment as both an application for entry of default under FED. R. CIV. P. 55(a) and a motion for default judgment under FED. R. CIV. P. 55(b)(2). *See generally O.J. Distributing, Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 352-53 (6th Cir. 2003) (describing process by which default may be entered by the clerk and a default judgment entered thereafter by the court).

At a pretrial conference (Docket #8) on July 19, 2005, Weist appeared and indicated she needed time to hire new counsel to defend against the adversary

2

complaint. The Court granted Weist leave to file her Answer by August 9, 2005. The Court then issued an order on July 25, 2005, indicating, "As discussed in court, debtor/defendant is granted leave to file her Answer by August 9, 2005. This proceeding is adjourned to September 6, 2005, at 1:30 P.M." Weist did not timely file an Answer by August 9, 2005, nor did she file an opposition to Brookpark's motion for default judgment or appear at the default judgment hearing on August 23, 2005. The Court entered default judgment (Docket #10) on September 1, 2005, rendering moot the pretrial conference scheduled for September 6, 2005.

On September 15, 2005, Weist, represented by a newly hired attorney, moved for relief from judgment (Docket #13) based on excusable neglect and for leave to file an Answer (Docket #15). Weist indicated she had failed to respond earlier to the adversary complaint because her attorney in the main case moved unexpectedly, leaving her without counsel. In opposition, Brookpark argued that Weist could not show excusable neglect because she already had asked for a one time extension and then chose to ignore the deadline. Brookpark also argued that Weist failed to offer evidence of a meritorious defense necessitating relitigation of the issues in the default judgment entry.

On October 25, 2005, Weist filed a supplemental memorandum

3

(Docket #19) attempting to offer evidence of a meritorious defense. She indicated that the transfer of her real property to her then boyfriend was not an attempt to avoid paying Brookpark's judgment but that an error by the title company caused Brookpark's judgment to go unpaid. She further claimed that she is not in possession of a ring that Brookpark alleges is being concealed. Weist filed a proposed Answer (Docket #18) that denied most of the allegations in the adversary complaint. The Court took the matter under advisement and is now ready to rule.

## JURISDICTION

Fraudulent transfer avoidance actions and determinations of dischargeability are core proceedings under 28 U.S.C. § 157(b)(2)(H) and (I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## DISCUSSION

Where a court has entered judgment on a default, Rule 55(c), made applicable by Bankruptcy Rule 7055, states that a court may set aside that judgment only in accordance with the grounds laid out in Rule 60(b). This Court's "discretion to vacate the [default] judgment is circumscribed by public policy favoring finality of judgments and termination of litigation[, and] Rule 60(b)

4

reflects this public policy by requiring greater specificity from a moving party before a court will set aside a default judgment." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). Weist filed her motion for relief from judgment pursuant to Rule 60(b)(1), arguing that her failure to oppose default judgment was excusable neglect. Rule 60(b) of the Federal Rules of Civil Procedure, made applicable in bankruptcy by Rule 9024 of the Federal Rules of Bankruptcy Procedure, provides in pertinent part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;

"Where Rule 60(b) is invoked to set aside a default judgment, the court must both consider the Rule 55 equitable factors as enumerated in *United Coin Meter* and find that one of the specific requirements of Rule 60(b) is met." *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996) (citation omitted). *United Coin Meter* established three equitable factors applied under Rule 55 and 60(b): (1) whether culpable conduct of the defendant led to the default; (2) whether the defendant had a meritorious defense; and (3) whether plaintiff will be prejudiced if the judgment is vacated. *United Coin Meter*, 705 F.2d at 845. The interplay between these three equitable factors and the

5

elements of Rule 60(b)(1) is explained in more detail in *Waifersong, Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992):

> When relief is sought under Rule 60(b)(1), the culpability factor is framed in terms of "mistake, inadvertence, surprise, or excusable neglect." Furthermore, while it may be argued that the three [equitable] factors are to be "balanced" by the court in determining whether to set aside an entry of default [under Rule 55(a)], balancing is demonstrably inappropriate when a court initially proceeds . . . under Rule 60(b)(1). That is because the rule mandates that a defendant cannot be relieved of a default judgment unless he can demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect. It is only when the defendant can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the plaintiff should relief be granted.

(citations omitted). More recently, the Sixth Circuit further clarified the relationship between the Rule 60(b)(1) showing and the three factors from *United Coin Meter*.

> In *Waifersong*, we made it clear that a party seeking to vacate a default judgment under Rule 60(b)(1) must demonstrate first and foremost that the default did not result from his culpable conduct. That burden may be carried, we said, only by meeting the requirements of Rule 60(b)(1), that is, by "demonstrat[ing] that his default was the product of mistake, inadvertence, surprise, or excusable neglect."

*Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002); *cf. Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 209 (6th Cir. 1995) ("While the earlier cases admittedly speak in somewhat vague terms of a "balancing" of the three-factor test applicable in Rule 60(b) cases, a

6

thorough review of those cases indicates that the *result,* as a practical matter, almost invariably depends on the culpability factor."). Thus, this Court will consider the three factors from *United Coin Meter* but will examine the "culpability" factor first and in the context of "excusable neglect."

*Culpability–Excusable Neglect Under Rule 60(b)(1)*

In *Pioneer Investment Services Co. v. Brunswick Assocs.,* 507 U.S. 380 (1993), the Supreme Court interpreted "excusable neglect" in the context of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure, but the Court also examined the phrase as it is used in a variety of other federal rules, including Rule 60(b)(1). *Id.* at 393-94. "The [*Pioneer*] Court determined that 'neglect' must be given its ordinary meaning, which would include 'late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.' " *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 386 (6th Cir. 2001) (citing *Pioneer,* 507 U.S. at 388); *see Spitzer Great Lakes Co., v. U.S. E.P.A.,* 173 F.3d 412, 416 (6th Cir. 1999) (After *Pioneer,* "[t]he definition of what constitutes excusable neglect for the purposes of the Federal Rules of Civil Procedure has been liberalized."). The Supreme Court explained that whether the neglect is excusable is an "elastic concept" whose

> determination is at bottom an equitable one, taking account of all relevant

7

circumstances surrounding the party's omission. These include ... the danger of prejudice [to the non-movant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 388-95. "Significantly, *Pioneer* focused entirely on 'out-of-time' filings. . . . *Pioneer* stands for the proposition that a district court should consider the five factors enumerated above in cases where procedural default has prevented the court from considering the true merits of a party's claim." *Jinks*, 250 F.3d at 386.

In this case, several factors support a finding of excusable neglect. First, the Court issued an order that may have created confusion and Weist's default. Brookpark set its motion for default for August 23, 2005, but the Court issued an order on July 25, 2005, indicating that the pretrial in the adversary proceeding was adjourned to September 6, 2005. The order did not mention the August 23, 2005, default judgment hearing, nor did it mention that failure to appear at the August 23, 2005, hearing would result in default judgment. Weist did not appear at the default judgment hearing, and the Court entered the judgment entry on September 1, 2005. Weist never got the opportunity to appear at the September 6, 2005, hearing and explain why she was tardy for a second time in hiring an attorney. The Court's order indicating it would hold a September 6, 2005, hearing

8

may have misled Weist into the incorrect assumption that the Court would not enter any orders in her case until at least September 6, 2005. *Cf. Weiss*, 283 F.3d at 795 (finding, "at worst," excusable neglect because counsel "mistakenly relied upon the information obtained from the [district court] clerk"); *Spitzer Great Lakes*, 173 F.3d at 415-17 (indicating excusable neglect would have been found in case where EPA provided "materially misleading information" which was relied on and resulted in a missed filing deadline); *United Coin Meter*, 705 F.2d at 845 (finding no culpable conduct because counsel relied, even if mistakenly, upon an informal agreement with opposing counsel that allowed more time to file a response).

Second, Weist was apparently abandoned by her bankruptcy counsel whom she relied upon to file a response to the adversary complaint. Weist indicated that she paid a retainer to her previous counsel but that he moved his practice to another city, leaving her without direction on how to proceed.

Third, Weist acted quickly to vacate the default judgment entry. She hired counsel the day that the default judgment was entered, and counsel filed this motion for relief from the judgment fourteen days later. Fourth, the Court finds minimal prejudice to Brookpark from the fourteen day delay, other than the extra work and time required to litigate the adversary proceeding on the merits.

9

05-01283-aih    Doc 20    FILED 12/20/05    ENTERED 12/20/05 10:04:21    Page 9 of 15

*See United Coin Meter*, 705 F.2d at 845 ("Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment."); *see also In re Geberegeorgis*, 310 B.R. 61, 67 (B.A.P. 6th Cir. 2004) (finding no cognizable prejudice for vacating default even though party complained about losing the finality they desired).

Fifth, as discussed below, the default judgment entry may be flawed because of potential joinder and standing issues and because the allegations of the complaint do not appear to support all of the relief included in the judgment entry. Lastly, the Court is not aware of any facts indicating bad faith on debtor's part. *Compare Weiss*, 283 F.3d at 795 ("This is clearly not one of those 'most extreme cases' where the default judgment is the result of deliberate, willful conduct.") (citing *United Coin Meter*), *with Waifersong*, 976 F.2d at 291 (finding no excusable neglect because defaulted party's testimony was "rife with inconsistencies, improbabilities, and contradictions").

Certainly, debtor should have hired counsel sooner so that a timely Answer could have been filed. Debtor has not provided any evidence to fully explain her tardiness, but the *Pioneer* case makes clear that some negligence and/or carelessness by parties is excusable depending on the equities of the case. *Pioneer*, 507 U.S. at 388-92. Doubts about whether to find excusable neglect

05-01283-aih    Doc 20    FILED 12/20/05    ENTERED 12/20/05 10:04:21    Page 10 of 15

"should be resolved in favor of a judicial decision of the merits of a case, and a technical error or a slight mistake by [movant's] attorney should not deprive [movant] of an opportunity to present the true merits of [her] claims." *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir. 1986). *See Weiss*, 283 F.3d at 795 (indicating court should "exercise its discretion to 'achieve substantial justice' through the liberal application of Rule 60(b)"). The equities of this case support a finding of excusable neglect so that this adversary proceeding can be decided on the merits. Debtor has overcome the "excusable neglect" hurdle and is permitted to demonstrate that she can also satisfy the other two factors of the *United Coin Meter* test.

*Meritorious Defense*

Weist, in her supplemental memorandum (Docket #19), responded to the allegations from Brookpark's complaint and provided evidence of meritorious defenses. Specifically, Weist indicated that she did not transfer her property with fraudulent intent but that she transferred the property in an effort to refinance the property and that Brookpark's judgment lien went unpaid because of an error by Brookpark's counsel and/or the title company when recording the judgment lien. In addition, Weist denied that she is concealing a valuable ring and pointed to a police report she filed where she claimed the ring had been stolen. Thus, Weist

11

has alleged facts which may constitute a meritorious defense if true. *See Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003) ("A claim or defense is 'meritorious,' if 'there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'") (citing *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391 (6th Cir. 1987)); *United Coin Meter*, 705 F.2d at 845 ("In determining whether a defaulted defendant has a meritorious defense '[l]ikelihood of success is not the measure.' Rather, if any defense relied upon states a defense good at law, then a meritorious defense has been advanced.").

In addition, the Court has noted three other potential flaws in the default judgment entry. First, the judgment entry sets aside the transfer of the debtor's residence to Howard Weist as fraudulent even though Mr. Weist was never made a party to the proceedings. *See* FED. R. CIV. P. 19(a) (if feasible, person shall be joined if (1) in their absence complete relief cannot be granted or (2) disposition of the action in person's absence will impede the person's ability to protect their interest); *Nastro v. D'Onofrio*, 263 F. Supp. 2d 446, 450 (D. Conn. 2003) ("In an action to set aside a fraudulent conveyance, the transferee of the assets at issue is a necessary party to the lawsuit because the action to set aside the allegedly fraudulent transfer necessarily impacts the transferee's interest in the property the

12

transferee received."); *see also Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111 (1968) (finding that court "on its own initiative" should take steps to protect an absent party that could not protect itself); *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 676 (6th Cir. 2004) (Court of Appeals "may raise the issue of joinder *sua sponte*.") (citing MOORE'S FEDERAL PRACTICE).

Second, Brookpark never requested leave of the Court to bring a fraudulent transfer action on behalf of the trustee, nor has Brookpark presented any evidence indicating why or if the trustee has refused to pursue the action. *See* 11 U.S.C. §§ 548(a) & 544(b); *In re Gibson Group, Inc.*, 66 F.3d 1436, 1438 (6th Cir. 1995) (indicating bankruptcy court is not precluded from granting standing to a creditor to bring avoidance action but establishing four-pronged test that a creditor must meet in order to step into the trustee's shoes); *In re The V Companies*, 292 B.R. 290 (B.A.P. 6th Cir. 2003) (concluding that derivative standing in avoidance action still possible notwithstanding Supreme Court's opinion in *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 13 n.5 (2000)); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (dismissing case due to lack of standing even though none of the parties had raised the issue of standing and finding the "federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the

13

Third, Brookpark's pleadings may be insufficient to support a judgment of nondischargeability of the debt in question. Although a defaulting defendant is deemed to admit every well-pleaded allegation in the complaint, the Court is required to make an independent determination of the relief to be awarded unless the amount of damages is certain. *See, e.g., Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). Brookpark's complaint does not reference a specific exception to discharge found in section 523, nor does it indicate how Weist's debt to Brookpark originated.

*Prejudice to the Plaintiff*

As discussed previously, Brookpark has offered no evidence of prejudice from this short delay caused by the default judgment. Brookpark has the burden to prove prejudice, *see INVST*, 815 F.2d at 398-99, and Brookpark has not met its burden.

In sum, the factors enunciated by the Sixth Circuit in *United Coin Meter* support the setting aside of the default judgment entry in this case under Rule 60(b)(1).

## CONCLUSION

For the foregoing reasons, debtor's motion for relief from judgment (Docket #13) is granted, and the default judgment (Docket #10) dated September 1, 2005, is vacated pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. Debtor's motion for leave (Docket #15) to file her Answer (Docket #18) is also granted. The Court will conduct a status conference on January 17, 2006, at 2:30 P.M.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge

15